IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-081-JFH |
| JAMES STEVEN PEAVLER, | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is a Motion to Dismiss the Indictment for Failure to State an Offense ("Motion") filed by Defendant James Steven Peavler ("Defendant"). Dkt. No. 21. The United States of America ("Government") opposes the Motion. Dkt. No. 25. After seeking leave from the Court, Defendant filed a reply brief. Dkt. Nos. 27, 29, 30. For the following reasons, Defendant's Motion [Dkt. No. 21] is DENIED.

## BACKGROUND

On May 10, 2023, Defendant was charged by indictment with one count of making a false statement during the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Dkt. No. 2. The indictment alleges that on June 29, 2022, while purchasing two firearms from Checotah Firearms, a licensed dealer of firearms, Defendant indicated on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473 ("ATF Form") that he was not under indictment or information in any court for a felony, or any other crime for which a judge could imprison him for more than one year. Dkt. No. 21 at 1-2; Dkt. No. 25 at 1-2. However, on April 11, 2022, Defendant was charged by information in McIntosh County District Court Case No. CF-2022-47 with one count of distribution of a controlled dangerous substance and one count of bringing contraband into a jail, both felony offenses. Dkt. No. 21 at 2.

## ANALYSIS

Defendant does not dispute that he lied on the ATF Form. Rather, Defendant argues that his lie does not violate 18 U.S.C. § 922(a)(6) under two theories. The first theory is that § 922(a)(6) is itself unconstitutional and, therefore, void. Specifically, Defendant argues that § 922(a)(6) denies him the right to acquire and possess firearms prior to a conviction and, therefore, infringes upon his right to bear arms under the Second Amendment in light of the Supreme Court's recent holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), and further deprives him of his right to due process under the Fifth Amendment. Dkt. No. 21. In other words, Defendant argues that § 922(a)(6) infringes on his Second and Fifth Amendment rights because if he had answered the ATF Form truthfully, he would have been denied the purchase of a firearm. This argument fails.

The Second Amendment provides that "the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In 2022, the Supreme Court examined the Second Amendment's constitutional protection of the right to keep and bear arms. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* did not concern a criminal statute. Rather, it involved a challenge to federal firearms licensing. *Id*. The decision included a nuanced discussion of Second Amendment caselaw and announced a new two-prong test for evaluating the constitutionality of firearms regulation. *Id*. at 2126. Under the first prong, the Court must determine whether the plain text of the Second Amendment covers the conduct at issue. *Id*. at 2129, 2134–35. If so, the second prong requires the Government to establish that the regulation is consistent with the historical tradition of firearms regulation in the United States. *Id*. at 2129–30.

Defendant's argument fails on *Bruen's* first prong. Defendant is charged with making a false statement during the acquisition of a firearm, in violation of § 922(a)(6). Section 922(a)(6)

does not criminalize Defendant's possession of a firearm; it criminalizes making false statements. Contrary to Defendant's argument, the conduct at issue is not "acquiring a firearm," it is making a false statement on the ATF Form. The Second Amendment does not cover the conduct contemplated under § 922(a)(6). Indeed, lying is not a constitutionally protected interest under the Second Amendment or otherwise. Therefore, because § 922(a)(6) does not regulate activity protected by the Second Amendment, § 922(a)(6) is constitutionally permissible under *Bruen* and the Court need not consider whether the Government has established that the regulation is consistent with the historical tradition of firearms regulation in the United States. *See United States v. Reilly*, 2023 WL 5352296, CR-23-085-RAW (E.D. Okla. Aug. 21, 2023) (agreeing with other district courts that 18 U.S.C. § 922(a)(6) does not implicate conduct protected by the Second Amendment and, therefore, fails at *Bruen's* first prong) (citing *United States v. Valentine*, 2023 WL 2571720, *7 (N.D. Ind. Mar. 20, 2023); *United States v. Gonzalez*, 2022 WL 17583769, *2 (D. Utah Dec. 12, 2022)).

Defendant's argument regarding the Fifth Amendment also fails. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. To prevail on a due process claim, an individual must first establish the deprivation of a protected property or liberty interest. *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1085 (10th Cir. 2006). Defendant argues that § 922(a)(6) "deprived [him] of the right to acquire a firearm." Dkt. No. 21 at 8. Again, § 922(a)(6) does not regulate possession or acquisition of a firearm, it only regulates providing false information. And, again, lying is not a constitutionally protected interest. For these reasons, the Court finds that 18 U.S.C. § 922(a)(6) does not violate Defendant's Second and Fifth Amendment rights and Defendant's first theory fails.

Defendant's second theory appeared for the first time in his reply brief. Dkt. No. 30. Under this theory, Defendant argues that his false statement on the ATF Form does not violate § 922(a)(6) because it is not "material to the lawfulness" of the sale of firearms. Dkt. No. 30 at 2-3. Specifically, Defendant argues that 18 U.S.C. § 922(d)(1), the statute which prohibits firearms dealers to sell firearms to persons under indictment or information for a felony offense, infringes upon Defendant's right to bear arms under the Second Amendment in light of *Bruen*. *Id*. In other words, Defendant argues that because § 922(d)(1) is unconstitutional, Defendant's criminal status is immaterial to the lawfulness of the sale of firearms and, therefore, his false statement does not violate § 922(a)(6). *Id*. This argument also fails.

"Our legal system provides methods for challenging the Government's right to ask questions—lying is not one of them. A citizen may decline to answer the question, or answer it honestly, but he cannot with impunity knowingly and willfully answer with a falsehood." *Bryson v. United States*, 396 U.S. 64, 72, (1969), *reaffirmed in LaChance v. Erickson*, 522 U.S. 262, 265 (1998). Case law is clear that a defendant may not lie "as a means of self-help" and, further, "may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." *Dennis v. United States*, 384 U.S. 855, 867 (1996); *see also United States v. Knox*, 396 U.S. 77, 79 (1969) (holding that a defendant who has allegedly "furnishe[d] false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself."); *United States v. Fitzgibbon*, 576 F.2d 279, 285 (10th Cir. 1978) (finding constitutional question not properly before the Court where defendant provided false information and explaining that defendant cannot defend against prosecution for providing false information by challenging the validity of the requirement); *see also United States v. Lawton*, 366 F.3d 550,

553–54 (7th Cir. 2004) (finding argument that defendant may not be penalized under § 922(a)(1) for lying about indictment status on firearms acquisition forms because "the government cannot constitutionally prohibit a person facing felony criminal charges from receiving or transporting a firearm [under 18 U.S.C. § 922(n)]," was "dubious," in light of the Supreme Court's repeated admonitions that "an individual may be prosecuted for knowingly making a false statement on a matter within the jurisdiction of the government, even if there are doubts about the government's authority to pose the inquiry giving rise to that statement"). Further, as other courts—including this District—have held, "a truthful answer to the question 'are you under indictment?' can be material to the propriety of a firearms sale, whether or not all possible applications of § 922(n) [or § 922(d)(1)] comport with the Second Amendment." *Reilly*, 2023 WL 5352296 at *3 (quoting *United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023)).

Likewise, our legal system provides methods for challenging the constitutionality of its statutes. For example, Defendant could have answered the ATF Form truthfully, been denied the purchase of a firearm because he was under information for a felony offense, and then initiated a declaratory action challenging the constitutionality of 18 U.S.C. § 922(d)(1). Defendant was not, however, permitted to lie on the ATF Form and then, if and when his lie was detected, attempt to circumvent criminal liability by subsequently challenging the constitutionality of § 922(d)(1) – a statute Defendant is not even charged under. Plainly, this is not the proceeding in which to adjudicate a contention that the application of 18 U.S.C.§ 922(d)(1) violates the Second Amendment. *See Holden*, 70 F.4th at 1018. Accordingly, this theory also fails.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant James Steven Peavler's Motion to Dismiss the Indictment for Failure to State an Offense [Dkt. No. 21] is DENIED.

Dated this 11th day of September 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE